UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------x
UNITED STATES OF AMERICA,                            :
                                                     :    **SUMMARY ORDER**
         -against-                                   :
                                                     :    06-CR-413 (DLI)
MIGUEL LUCIANO, *pro se*,                            :
                                                     :
                         Defendant.                  :
------------------------------------------------------x

**DORA L. IRIZARRY, U.S. District Judge:**

On December 30, 2010, *pro se*[1] defendant Miguel Luciano filed this motion requesting a sentence modification pursuant to 18 U.S.C. § 3582(c)(2) in light of Amendment 706 to the U.S. Sentencing Guidelines which became effective on November 1, 2007 (reducing by two the offense level applicable to most crack offenses), and The Fair Sentencing Act of 2010 ("FSA"), Pub. L. No. 111-222, 124 Stat. 2372 (2010) (altering the threshold quantities of crack cocaine that trigger statutory minimum sentences applicable to violations of 21 U.S.C. § 841). Prior to Amendment 706, 1.5 kilograms of crack cocaine would place an offender at a base offense level of 38. At the time of his March 20, 2008 sentencing (after Amendment 706 became effective), however, Luciano's base offense level for 1.5 kilograms of crack cocaine was properly calculated at 36. Thus, Luciano benefited from Amendment 706 and cannot rely on § 3583(c)(2) for a sentence reduction. Moreover, the FSA is of no avail to defendant. As an initial matter, courts have declined to apply the FSA retroactively because it "contained no express statement that it is intended to have retroactive effect nor can it be inferred from its language." *See, e.g.*, *United States v. Glover*, 2010 WL 4250060, at *2 (2d Cir. October 27, 2010). Additionally, Luciano was not subject to a mandatory-minimum sentence because he allocuted to an

---

[1] Because defendant is a *pro se* litigant, the court, in deciding this motion, has construed defendant's papers broadly, interpreting them to raise the strongest arguments they suggest. *See Weixel v. Bd. of Educ. of N.Y.*, 287 F.3d 138, 146 (2d Cir. 2002).

1

unspecified amount of crack (21 U.S.C. § 841(b)(1)(C)), and thus, even if the FSA applied retroactively, it would not affect Luciano's sentence. In sum, defendant's motion to reduce his sentence is denied in its entirety.

SO ORDERED.

DATED:   Brooklyn, New York
         March 2, 2011

_____/s/_____
DORA L. IRIZARRY
United States District Judge