UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
UNITED STATES OF AMERICA,        :
                                               :          **SUMMARY ORDER**
             -against-               :          06-CR-413 (DLI)
                                               :
MIGUEL LUCIANO, *pro se*,         :
                                               :
                   Defendant.           :
-------------------------------------------------------x

**DORA L. IRIZARRY, U.S. District Judge:**

On October 15, 2013, *pro se*[1] defendant Miguel Luciano ("Defendant") filed this motion requesting a sentence modification pursuant to 18 U.S.C. § 3582(c)(2) in light of Amendment 706 to the United States Sentencing Guidelines ("Sentencing Guidelines") which became effective on November 1, 2007 (reducing by two the offense level applicable to most cocaine base ("crack") offenses), and The Fair Sentencing Act of 2010 ("FSA"), Pub. L. No. 111-222, 124 Stat. 2372 (2010) (altering the threshold quantities of crack that trigger statutory minimum sentences applicable to violations of 21 U.S.C. § 841). (*See* Dkt. Entry No. 568.) The Court denied Defendant's motion (*see* March 2, 2011 Summary Order ("3/2/11 Or."), Dkt. Entry No. 592), which Order the Second Circuit affirmed (*see* March 27, 2012 Mandate, Dkt. Entry No. 668).

Defendant now moves, for the second time, for a sentence reduction, arguing that he is entitled to such relief under 18 U.S.C. § 3582(c)(2), Sentencing Guideline § 1B1.10, and Amendment 750 (as amended by Amendment 759) to the Sentencing Guidelines (*see* Defendant's Second Motion for Resentencing ("Def.'s 2nd Mot."), Dkt. Entry No. 781), which

---

[1]     Because defendant is a *pro se* litigant, the Court, in deciding this motion, has construed defendant's papers broadly, interpreting them to raise the strongest arguments they suggest. *See Weixel v. Bd. of Educ. of N.Y.*, 287 F. 3d 138, 146 (2d Cir. 2002).

the Government opposes (*see* Government's Opposition to Def.'s 2nd Mot. ("Gov't Opp'n"), Dkt. Entry No. 783). For the reasons set forth more fully below, Defendant's motion is denied.

"[I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . the court may reduce the term of imprisonment . . . ." 18 U.S.C. § 3582(c)(2). Further, Sentencing Guideline § 1B1.10 states that: "In a case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (c) below, the court may reduce the defendant's term of imprisonment . . . ." U.S.S.G. § 1B1.10(a)(10). In support of his request for a reduced sentence, Defendant relies on Part A of Amendment 750, which, notably, is listed in subsection (c) of Sentencing Guideline § 1B1.10. *See* U.S.S.G. § 1B1.10(c). Part A of Amendment 750 is a retroactive amendment that altered the offense levels in U.S.S.G. 2D1.1 applicable to crack.

However, application of Amendment 750 does not result in a sentence reduction for Defendant. The evidence in the record established that Defendant conspired to distribute 1.5 kilograms of crack. (*See* Plea Agreement, Exh. A to the Gov't Opp'n at 2-3; Addendum to PSR ¶ 17.) Under the amended U.S.S.G. 2D1.1, the base offense level for conspiring to distribute 1.5 kilograms of crack decreased from 36 (the applicable level at the time Defendant was sentenced) to 34. Notably, Defendant was sentenced as a career offender with a criminal history of VI. (*See* Plea Agreement at 3; Addendum to PSR ¶ 115.) Calculating Defendant's sentence under the amended U.S.S.G. 2D1.1 results in a sentence of 262 to 327 months, which is greater than the statutory maximum of 240 months to which he was sentenced originally. Thus, application of Amendment 750 does not result in any decrease to Defendant's sentence. Under these

circumstances, courts routinely deny requests for resentencing. *See, e.g.*, *United States v. Twitty*, 473 F. App'x 300, 301 (4th Cir. 2012) (per curiam) (Defendant "is currently serving the statutory maximum sentence of 240 months' imprisonment . . . . But for the statutory maximum, the low end of Twitty's Guidelines range both before and after Amendment 750 exceeded 240 months. Therefore the district court properly found that Amendment 750 had no effect on Twitty's Guidelines' range."). Accordingly, Defendant's motion for a sentence reduction is denied.

SO ORDERED.

DATED:   Brooklyn, New York
         March 2, 2015

_____/s/_____
DORA L. IRIZARRY
United States District Judge